Balwinder KAUR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73179.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Allen W. Hausman, Attorney, U.S. Department of Justice, Joanne E. Johnson, Esq., Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Balwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to former 8 U.S.C. § 1105(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and review adverse credibility determinations for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We deny the petition.

On cross-examination, Kaur first testified that she was a Sehajdhari Sikh, then quickly changed her testimony to claim she was a Keshadhari Sikh. In contrast, two of the documents submitted by Kaur refer to her status as an Amritdhari (baptized) Sikh. Moreover, Kaur was unable to remember details concerning the 1991 elections, even though one of the incidents upon which she bases her claim began during a political gathering at which she spoke about those very elections. These inconsistencies go to the heart of Kaur's claim that her alleged persecution was "on account of" a protected ground. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001). By failing to demonstrate eligibility for asylum, it follows that Kaur did not satisfy the more stringent standard for withholding of deportation. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

In addition, because Kaur's claim for relief under the CAT was based on the same incredible evidence as her asylum application, substantial evidence also supports the IJ's denial of relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Kaur's contention that extreme hardship will result from her removal to India is a factor relevant to cancellation of removal, a type of relief not at issue here. *See* 8 U.S.C. § 1229(b)(1)(D).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Kaur's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.